IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40759
Summary Calendar

_____

MICHAEL ROSE,

Plaintiff-Appellant,

versus

WOODS, Warden; M. DIAZ, Assistant Warden;
EASON, Captain; INGLE, Captain; CANO, Case Manager,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas

(C-95-CV-144)

_____

July 29, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.[*]

PER CURIAM:

Plaintiff-appellant Michael Rose (Rose), a prisoner confined

in the Texas Department of Criminal Justice (TDCJ), McConnell Unit,

appeals the dismissal under 28 U.S.C. § 1915(d) of his *pro se, in

forma pauperis* civil rights suit against several TDCJ McConnell

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Unit personnel.

Rose's complaint concerning an eight-day lock-down was properly dismissed under *Sandin v. Conner*, 115 S.Ct. 2293, 2300-02 (1995). *See also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Similarly, claims that grievance procedures and TDCJ rules and prior court remedial orders were not followed were likewise properly dismissed. *See Woods v. Edwards*, 51 F.3d 577, 582 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Rose's unexplained invocation of 42 U.S.C. § 1997(e) does not change that result. Rose's purely conclusory RICO claims were also properly dismissed as frivolous. No abuse of discretion is shown in the transfer of all these claims from the Eastern to the Southern District of Texas, where the McConnell Unit is located, in the failure to appoint counsel for Rose, or in the denial of injunctive relief. No error is shown as to any of these matters.

Finally, we consider Rose's claim relating to not being allowed to attend religious services. Significant restrictions on such attendance must have some relation to legitimate penological interests. *Muhammad v. Lynaugh*, 966 F.2d 901, 902 (5th Cir. 1992). The district court dismissed this claim, concluding that Rose "fails to allege that he had been denied reasonable opportunities to worship." However, the dismissal was without a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), or any questionnaire, and no leave to amend was afforded. While Rose's

2

pleading is somewhat summary in this respect, it does not facially appear wholly unlikely that with further exploration and specificity Rose could state a claim in this regard; it is unclear at this stage of the lawsuit whether Rose's alleged exclusion from Jumu'ah Friday service (or services) has or had any logical relation to a legitimate state penological interest. Under the circumstances, the district court's dismissal of this claim was premature and Rose should have been afforded an opportunity to offer a more detailed set of factual allegations (or a *Spears* hearing or questionnaire) in this respect. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994). We do not preclude section 1915(d)—or other pre-trial—dismissal of this claim on further development following remand.

Accordingly, the district court's dismissal of Rose's claim concerning not being allowed to attend religious services is vacated and that claim is remanded for further proceedings consistent herewith; in all other respects, the district court's judgment is affirmed.

AFFIRMED in part; VACATED and REMANDED in part